**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID DYER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 5:26-cv-339-CAR-CHW** |
| | : | |
| **NURSE OLIVER, *et al*.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

Pending before the Court is a Complaint filed by *pro se* Plaintiff Michael David Dyer, an inmate who is presently incarcerated in Washington State Prison ("WSP") in Davisboro, Georgia. ECF No. 1 at 4. Plaintiff has also filed a motion to proceed *in forma pauperis* (ECF No. 4). For the reasons stated below, Plaintiff is **ORDERED** to file a recast complaint. Further, the Court defers ruling on Plaintiff's motion to proceed *in forma pauperis* until it reviews Plaintiff's recast complaint.

**ORDER TO RECAST**

Because Plaintiff is a prisoner who is seeking redress from a government entity, official, or employee, his complaint is subject to screening, and dismissal as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(a). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief

above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

There are several issues with Plaintiff's complaint that must be addressed before his case can proceed past preliminary screening. Initially, the Court notes that Plaintiff states that he is bringing his case as a class action. ECF No. 1-2 at 1. However, "[t]he law is clear that *pro se* prisoners who are not licensed attorneys are barred from representing their fellow prisoners and from bringing class action lawsuits in the federal courts." *Anderson v. Williams*, No. 5:25-cv-00506-MTT-ALS, 2026 WL 75907, at *1 (M.D. Ga. Jan. 9, 2026) (collecting cases). Therefore, Plaintiff is barred from prosecuting this case as a class action or on behalf of his fellow inmate Stephen Ray.

Plaintiff also appears to be attempting to join unrelated claims, including claims involving events at different prisons.[1] A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief" against them "jointly,

---

[1]These claims include allegations against Judge Marc T. Treadwell. ECF No. 1 at 4. However, "[j]udges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* 439 (citing *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985)).

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one plaintiff throughout his incarceration time at various prisons or even in one prison does not necessarily make claims about those allegations related under Rule 20. *See e.g.*, *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (per curiam). Moreover, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) Therefore, Plaintiff should be aware that if the Court concludes upon review of his recast complaint that he has improperly joined claims, it will likely recommend that some be dismissed without prejudice so that he can raise them in a separate complaint.[2]

[2]Plaintiff appears to acknowledge that he is a three-striker under 28 U.S.C. § 1915(g), ECF No. 1 at 3, and it appears that he is attempting to allege that he is subject to § 1915(g)'s

In addition, Plaintiff appears to list certain high-ranking prison officials solely because of their supervisory authority. However, "[i]t is well-established in [the Eleventh Circuit] that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (citation omitted). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Therefore, Plaintiff will need to allege sufficient facts to satisfy one of these circumstances to establish liability against a supervisory official.

The Court further notes that at various points in Plaintiff's complaint he alleges acts by various individuals without specifically identifying them as defendants. He also alleges violations of various statutes and regulations without indicating whether he is actually asserting a claim for those violations. If Plaintiff wishes to assert a claim against any individual under any theory of liability, he must specifically identify the individual as a defendant and must clearly list each claim he wishes to assert.

Finally, Plaintiff's complaint refers to defendants whose names are "unknown" to

---

imminent danger exception in this case, *see, e.g.,* ECF No. 1-2 at 3-4. Plaintiff will thus be required to show imminent danger of physical harm prior to being allowed to proceed IFP in any separate action.

him. ECF No. 1-2 at 1. To proceed against an unnamed defendant, a plaintiff must provide "an unambiguous description of [the] defendant that enables service of process," *Vielma v. Gruler*, 808 F. App'x 872, 880-81 (11th Cir. 2020) (per curiam) (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)), or sufficient information for the Court to conclude that discovery would allow identification of the unnamed defendants. *See Hagans ex rel. Lee v. Ward*, No. 25-12631, 2026 WL 2263638, at *7 (11th Cir. Aug. 6, 2026) (per curiam) (reversing dismissal of unnamed defendants where the plaintiffs "demonstrated . . . that discovery would have allowed them to learn the identities of the unnamed defendants"). Plaintiff's complaint contains derogatory descriptions of unnamed individuals, *see, e.g.*, ECF No. 1-2 at 5, but to the extent he intends to identify them as defendants, his descriptions are insufficient to enable service of process or allow the Court to conclude that discovery would allow him to identify them.

Accordingly, Plaintiff is now **ORDERED** to recast his complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wants to proceed with this case. When doing so, Plaintiff must write legibly. Plaintiff must list each defendant in the heading of his complaint. In the body of his complaint, Plaintiff must again list each defendant by name and tell the Court exactly how and when that defendant allegedly violated Plaintiff's constitutional or federal statutory rights.

Plaintiff should state his claims as simply as possible; he need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff must provide enough facts to plausibly

demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights. Conclusory and vague allegations are insufficient. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff must recast his complaint on the Court's standard form. **Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than TEN (10) PAGES in its entirety. This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form.**[3] **Plaintiff is not to include any exhibits or attachments with his complaint, including any attachments in the form of a declaration.**

Plaintiff is hereby notified that only one operating complaint is permissible, and his recast complaint will take the place of his original complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"). **The Court will not**

[3]The Court notes that Plaintiff's complaint contains numerous and repetitive legal citations and quotations. Plaintiff is reminded that Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While legal argument supported by factual allegations can be appropriate to "provide the complaint's framework," *Iqbal*, 556 U.S. at 664, "lengthy legal arguments, case citations, and quotation from treatises—material proper in legal memoranda, [are] almost never proper in a complaint." *Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010). In recasting his complaint to comply with the Court's page restrictions, Plaintiff is encouraged to reduce the amount of legalese to only that necessary to provide a framework for his allegations and clarify his theories of relief, e.g., citations to relevant provisions of the Americans with Disabilities Act.

**consider any allegations in any previous complaints—or any allegations not contained within the ten pages of the recast complaint—to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. If Plaintiff previously identified a defendant in his original complaint but fails to include him or her in the recast complaint, the Court will assume that Plaintiff wishes to dismiss that defendant from this action and will terminate them as a defendant.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

## CONCLUSION

As set forth above, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. The Court defers ruling on Plaintiff's motion to proceed *in forma pauperis* until it reviews Plaintiff's recast complaint. [4]

---

[4]Because the Recast Complaint will supersede the original Complaint, the Court will assess only that document to determine whether Plaintiff has alleged that he is in imminent danger

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 23rd day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

of serious physical injury. *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (per curiam) (declining to consider allegations in writ of mandamus and addendum thereto that were superseded by amended writ of mandamus to determine whether inmate was entitled to § 1915(g) exception).